## KNUDSON v. GIESON.

1. **Estrays:** THE RIGHT TO TAKE UP. Under Section 1464 of the Code, (which is the same as Section 1, Chap. 102, Acts of the Ninth General Assembly), a householder may take up as an estray a *broken* animal running in the highway.

2. **Practice:** EXCESSIVE VERDICT: COSTS OF APPEAL. Where an excessive verdict has been followed by an offer of the successful party to remit the amount in excess, upon the prosecution of an appeal the Supreme Court will enter the proper judgment, and tax the costs of appeal to the appellant.

*Appeal from Winneshiek Circuit Court.*

WEDNESDAY, APRIL 8.

ACTION of replevin for a horse of which plaintiff claims to be the absolute owner, and which he alleges defendant wrongfully detained.

The answer admits that plaintiff is the owner of the horse, and alleges that defendant, a householder, took up said horse as an estray, and that he was lawfully in possession of him as such.

Jury trial. Verdict for defendant, and fixing the value of the horse at $90.00.

Defendant filed an offer to remit the verdict in excess of $33.50, the expense of advertising and cost of keeping, and asked that judgment be entered in his favor for that sum. Plaintiff refused to accept of such offer to remit, and filed a motion for new trial, which was overruled. Judgment for defendant for the possession of the horse, and in default thereof for $90.00, its value. Plaintiff appeals. The further material facts appear in the opinion.

*Morss & Brown*, for appellant.

*J. T. Clarke & Co.*, for appellee.

DAY, J.—I.   A number of instructions were asked by plaintiff and refused, and various instructions were given by the court to which plaintiff excepted.

The evidence shows that defendant was a householder, and that in June, 1871, he took up the horse in question in the public highway in front of his barn.

The jury, in addition to a general verdict, returned special findings that the horse was a work horse and had been used as such by plaintiff, and that defendant took him up as an estray, while he was in the public highway, in the town of Conover.

Appellant, waiving a consideration of the several errors assigned upon the giving and refusing to give instructions, submits, as the only question necessary to be discussed, the following:

*May a householder take up an animal running in the highway, as an estray?*

Appellant contends that a householder can take up an animal as an estray only when within his lawful enclosure, or upon his or another's premises.

1. ESTRAY: the right to take up.

Section 1, chapter 102, of the acts of the Ninth General Assembly, provides " that no person shall take up any unbroken animal as a stray, between the first day of May, and the first day of November, unless the same be found within his lawful enclosure."

The construction contended for by appellant, ignores entirely the word *unbroken*.

Appellant concedes that independently of statute any one might take up an estray.

This statute recognizes this common law right, and imposes upon it restrictions and conditions:

*First.* No person shall exercise that right unless he is a householder.

*Second.* A householder shall not take up an unbroken animal between the first day of May, and the first day of November, unless found within his lawful enclosure.

But if the stray is not an unbroken animal, or is not taken up between the first day of May and the first day of November, then there is no qualification or restriction of the right of a householder to take it up.

It is plain to us that the statute is not susceptible of any other construction. The evidence fully sustains the finding of the jury, that the animal in question was a work horse.

II. It is claimed that the court erred in rendering judgment for defendant for $90.00, the value of the horse. The evidence shows that the expense of advertising, and the costs of keeping the horse were $33.50. There was no conflict of evidence as to this point. When the verdict was returned defendant offered to remit all above the sum of $33.50, and asked that judgment be entered for that amount. Plaintiff refused to accept this offer, and filed his motion for a new trial.

2. PRACTICE: excessive verdict: cost of appeal.

Defendant was entitled to a money judgment only for the value of his interest in the horse, which was the amount of the costs and expenses incurred respecting him. Revision §§ 3082, 3562, Laws Ninth General Assembly, Chap. 102, Sec. 17.

Defendant asks that such judgment may be entered in this court as should have been entered in the court below. Defend-

·ant therefore will have judgment here for the possession of the property, and in default of that, for $33.50, the value of his interest therein.

As plaintiff might have had this judgment in the court below, if he had not refused to accept it, he will pay the cost of this appeal.

MODIFIED AND AFFIRMED.